# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CC-00333-SCT

*GULF PARK WATER COMPANY, INC.*

*v.*

*MISSISSIPPI PUBLIC SERVICE COMMISSION*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/12/96 |
| TRIAL JUDGE: | HON. WILLIAM H. MYERS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOHN BRENMAN DONGIEUX |
| ATTORNEY FOR APPELLEE: | WILLIAM BRUCE MCKINLEY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES (OTHER THAN WORKERS' COMPENSATION) |
| DISPOSITION: | AFFIRMED - 9/11/97 |
| MOTION FOR REHEARING FILED: | 10/27/97 |
| MANDATE ISSUED: | 12/15/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

Gulf Park Water Company, Inc. ("Gulf Park"), a water utility under the jurisdiction of the Mississippi Public Service Commission ("Commission"), has appealed portions of an Order issued by the Commission on March 24, 1994, and subsequently affirmed by the Chancery Court of Jackson County on February 12, 1996. The Commission's Order found Gulf Park in violation of the Order of May 30, 1984, mandating that Gulf Park make certain improvements in their water system. The March 1994 Order directed Gulf Park to immediately cease collecting $1.47 per month per customer which it had been collecting to defray costs required by the May 1984 Order. The March 1994 Order further directed Gulf Park to refund to its ratepayers the $1.47 per customer per month it had collected since the Commission's Order of May 30, 1984, through 1993 (approximately $126,958), plus interest.

Gulf Park is a privately owned public utility providing water and sewer service to approximately 1, 200 homes within a particular certificated area in Jackson County, Mississippi, generally referred to

as Gulf Park Estates. Gulf Park was acquired by Johnson Utility Company, Inc. in 1980. Both the water and sewer systems were in poor condition and/or non-functioning. In 1983, Gulf Park was directed by the Chancery Court of Jackson County to proceed with a rate filing before the Commission to obtain the necessary funds to correct the problems connected with the sewer system.

After a hearing before the Commission on May 30, 1984, an Order was rendered by the Commission. Gulf Park was ordered to install a 200 gallon-per-minute ("g.p.m") well to its system within 45 days and allowed to collect an additional $1.47 per month per customer to fund this expenditure, which, when added to the $ 17.03 fixed monthly rate, totaled a flat $18.50 monthly rate for a single family residence.[1] In response to this Order, Gulf Park placed on line two wells which had been previously abandoned and installed a 70 g.p.m. well at a new location. Johnson stated that the combination of these efforts increased Gulf Park's flow to well over that required by the State Board of Health.

On December 15, 1993, a hearing commenced in the Jackson County Courthouse before the Commission. During this hearing Gulf Park made a Motion to Amend the 1984 Order to make it speak true, asserting that it had met the spirit of the Order, if not the letter. In the hearing, Gulf Park admitted that it had not installed the 200 g.p.m. well directed by the 1984 Order.

On March 24, 1994, the Commission denied Gulf Park's Motion to Amend and found Gulf Park to be in violation of the May 30, 1984, Order. The Commission ordered Gulf Park to cease collecting the $1.47 per month per customer to fund the well requirement and further ordered Gulf Park to refund the amount collected since 1984, plus interest. Gulf Park appealed this decision initially to the Circuit Court of Hinds County, First Judicial District, pursuant to Mississippi Code Annotated § 77-1-45. The case was transferred to Jackson County Chancery Court on October 27, 1994. On February 12, 1996, the chancellor affirmed the Commission's Order of March 24, 1994. Gulf Park appeals from the chancellor's ruling.

An order of the Commission is presumptively valid. ***Rankin Util. Co., Inc. v. Miss. Pub. Serv. Comm'n***, 585 So. 2d 705, 709 (Miss. 1991); ***Miss. Pub. Serv. Comm'n v. South Central Bell***, 464 So. 2d 1133, 1135 (Miss. 1984). The Commission, with its expertise, is the trier of fact and has the right to determine the weight of the evidence and the credibility of the witness. ***Pittman v. Miss. Pub. Serv. Comm'n***, 538 So. 2d 387, 394 (Miss. 1989); ***South Central Bell***, 464 So. 2d at 1135. This Court will set aside an order of the Commission only "if it is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the [Commission], or violates constitutional rights." Miss. Code Ann. § 77-3-67(4). An order of the Commission may not be set aside on appeal unless the Court finds that it contains errors of law, is contrary to the manifest weight of the evidence, or is not supported by substantial evidence. ***South Hinds County Water Co. v. Miss. Pub. Serv. Comm'n***, 422 So. 2d 275, 281 (Miss. 1982).

On May 30, 1984, Gulf Park was ordered by the Commission to install a 200 g.p.m. well to alleviate the water pressure problems in its certificated area in Jackson County. The May 1984 Order also allowed Gulf Park to collect $1.47 per customer per month to recover the additional expenses involved in the installation of the well. In short, Gulf Park was ordered to install a 200 g.p.m. well and it did not do so, pursuing an alternative path to alleviate the water pressure problems in its system. Additionally, Gulf Park did not move to amend the May 1984 Order as being unreasonable or impossible, and continued to collect the additional $1.47 per month per customer to fund work not

done. The foregoing is substantial evidence which supports the Commission's March 24, 1994 Order, which was subsequently affirmed by the chancellor, denying Gulf Park's Motion to Amend, finding Gulf Park in violation of the May 1984 Order, and directing the refund to the ratepayers of the monies collected pursuant to the May 1984 Order. The decision of the chancellor is, therefore, affirmed.

**AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Also, the monthly rate, inclusive of the additional $1.47, for apartment complexes was $18.50 per apartment and for commercial businesses and country clubs $28.50.